Case No. 21-1787

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

_____

TIMOTHY KING, et al.

      Plaintiffs

      and,

EMILY NEWMAN,

      Interested Party-Appellant,

      v.

GRETCHEN WHITMER, JOCELYN BENSON, CITY OF DETROIT

      Defendants-Appellees.

On Appeal from the United States District Court for the Eastern District of Michigan, No. 2:20-cv-13134

**DEFENDANT-APPELLEE CITY OF DETROIT'S BRIEF ON APPEAL**

David H. Fink (MI – P28235)
Nathan J. Fink (MI – P75185)
Attorneys for the City of Detroit
**FINK BRESSACK**
38500 Woodward Avenue,
Suite 350
Bloomfield Hills, MI 48304
Telephone: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Defendant-Appellee City of Detroit is a municipal corporation and is not a subsidiary or an affiliate of a publicly owned corporation.

# **TABLE OF CONTENTS**

CORPORATE DISCLOSURE STATEMENT ........................................................ i

TABLE OF CONTENTS ................................................................................... ii

TABLE OF AUTHORITIES ........................................................................... iv

STATEMENT REGARDING ORAL ARGUMENT ...................................... v

COUNTERSTATEMENT OF JURISDICTION ....................................... 1

COUNTERSTATEMENT OF ISSUES ...................................................... 2

STATEMENT OF THE CASE ..................................................................... 4

    I.    Common Procedural History .......................................................... 4

    II.   Issues Particular to this Appellant .............................................. 10

SUMMARY OF THE ARGUMENT .......................................................... 11

ARGUMENT .............................................................................................. 12

    I.    Standard of Review ...................................................................... 12

    II.   Ms. Newman Was Involved In The Litigation In The District Court And The District Court Properly Sanctioned Her .............................. 12

        A.    Ms. Newman Shared Responsibility for this Litigation ............. 12

            1.    Ms. Newman's Signature Block Appears on the Pleadings ...................................................................... 13

            2.    Ms. Newman was a Willing Participant in the Litigation ...................................................................... 13

        B.    The District Court Properly Sanctioned Ms. Newman under Rule 11 .................................................................................. 14

            1.    Ms. Newman Presented a Sanctionable Filing ................ 14

            2.    Ms. Newman Shares Responsibility for the Violation ...... 15

        C.    The District Court Properly Sanctioned Ms. Newman under 28 U.S.C. § 1927 ............................................................ 18

        D.    The District Court had Inherent Authority to Sanction Ms. Newman .................................................................................. 19

E.    The District Court was not Required to Determine the Relative Culpability of Each Sanctioned Attorney ...................................23

F.    The Sanctions Assessed are Appropriate ...................................26

III.   The Trial Court Did Not Err In Awarding The City Its Reasonable Attorney Fees ...................................................................................27

CONCLUSION ...............................................................................................29

CERTIFICATE OF COMPLIANCE......................................................................31

CERTIFICATE OF SERVICE ...............................................................................31

ADDENDUM ...................................................................................................32

# TABLE OF AUTHORITIES

**Cases**

*Animal Welfare Inst. v. Feld Entm't, Inc.*, 944 F. Supp 2d 1 (D.D.C. 2013) ..........22

*Big Yank Corp. v. Liberty Mut. Fire Ins. Co*., 125 F.3d 308 (6th Cir. 1997) ..........20

*Chambers v. NASCO, Inc*., 501 U.S. 32 (1991)................................................. 20, 22

*Converse Const. Co., Inc. v. Converse Steel Fabricators & Erectors, Inc.*,
    181 F.3d 79 (1st Cir. 1998)....................................................................27

*Cooter & Gell v. Hartmax Corp*., 496 U.S. 384 (1990) .........................................12

*Costantino v. Detroit et al.*, Wayne Cnty. Cir. Ct. Case No. 20-014780-AW ..........5

*Dearborn Street Bldg. Associates, LLC v. Huntington Nat. Bank*,
    411 Fed. App'x 847 (6th Cir. 2011.......................................................29

*Dixon v. Clem*, 492 F.3d 665 (6th Cir. 2007) .........................................................18

*Donald J. Trump for President Inc. v. Benson*,
    Mich. Ct. Claims Case No. 20-000225-MZ ..........................................5

*Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178 (2017).........................25

*In re Kunstler*, 914 F.2d 505 (4th Cir. 1990)..........................................................29

*In re Ruben*, 825 F.2d 977 (6th Cir. 1987) .............................................................24

*In re Safeco Ins. Policy ex rel. Skinner*,
    96 F. App'x 654 (10th Cir. 2004).........................................................29

*Johnson v. University of Rochester Medical Center*,
    642 F.3d 121 (2nd Cir. 2011) ...............................................................19

*Jones v. Ill. Cent. R. Co*., 617 F.3d 843 (6th Cir. 2010) .........................................12

*Kenyon Int'l Emergency Servs., Inc. v. Malcolm*,
    No. 12-20306, 2013 WL 2489928 (5th Cir. 2013)...............................23

*Landscape Props., Inc. v. Whisenhunt*, 127 F.3d 678 (8th Cir. 1997) ...................27

iv

*Ridder v. City of Springfield*, 109 F.3d 288 (6th Cir. 1997) ...................................19

*Stoddard v. City Elec. Comm'n of the City of Detroit*,
    Wayne Cnty. Cir. Ct. Case No. 20-014604-CZ ....................................................5

*United States v Aleo*, 681 F.3d 290 (6th Cir. 2012) ................................................21

*Wages v. I.R.S.*, 915 F.2d 1230 (9th Cir. 1990) .....................................................19

*Wisconsin Voters Alliance v. Harris*, 28 F.4th 1282 (D.C. Cir. 2022) ...................27

**Rules**

E.D. Mich. LR 83.22(c)(2) .......................................................................................27

Fed. R. Civ. P. 11……………………………………………………….…*Passim*

Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendment) ......................15

**Statutes**

28 U.S.C. § 1927…………………………………………………………..*Passim*

## STATEMENT REGARDING ORAL ARGUMENT

This appeal presents the straightforward issue of whether the District Court abused its discretion in sanctioning Ms. Newman for conduct it found to be "a historic and profound abuse of the judicial process." (Opinion, RE 172, PageID # 6890). Defendant-Appellee City of Detroit believes this appeal can be decided on the briefs and does not request oral argument. However, if this Court grants Ms. Newman the opportunity to present oral argument, Defendant-Appellee City of Detroit respectfully requests the opportunity to present oral argument in response.

## <u>COUNTERSTATEMENT OF JURISDICTION</u>

Defendant-Appellee City of Detroit concurs in Ms. Newman's Statement of Jurisdiction and does not dispute this Court's jurisdiction over this appeal.

## <u>COUNTERSTATEMENT OF ISSUES</u>

1. Did the District Court err when it imposed sanctions against Ms. Newman when it determined that she was responsible in part for presenting pleadings in violation of Federal Rule of Civil Procedure 11(b) and that she was responsible in part for the filing of sanctionable documents in violation of Federal Rule of Civil Procedure 11(c)(1)?

    City of Detroit's Answer: No.

2. Did the District Court err in imposing sanctions against Ms. Newman where it determined that she was responsible in part for unreasonably and vexatiously multiplying proceedings in violation of 28 U.S.C. § 1927?

    City of Detroit's Answer: No.

3. Did the District Court abuse its discretion in sanctioning Ms. Newman under its inherent authority?

    City of Detroit's Answer: No.

4. Did the District Court abuse its discretion in failing to determine the precise level of Ms. Newman's culpability, relative to her co-counsel?

    City of Detroit's Answer: No.

5.  Did the District Court abuse its discretion by finding Ms. Newman jointly and

    severally liable for the Defendants' reasonable legal expenses, requiring her

    to attend 12 hours of continuing legal education classes, and referring her to

    the Virginia Attorney Grievance Commission?

        City of Detroit's Answer: No.

## STATEMENT OF THE CASE [1]

### I.    Common Procedural History

This appeal arises out of the frivolous pleadings filed by Emily Newman ("Ms. Newman") and her co-counsel (collectively "Plaintiffs' counsel") purportedly seeking to overturn the result of the 2020 presidential election. Plaintiffs' counsel claimed that the 2020 election result was the product of fraud. But the lawsuit they filed was not a serious attempt to remedy any perceived fraud; it was designed to further a false narrative that this country's democratic institutions cannot be trusted. While the District Court denied any judicial relief, the lawsuit achieved its real objective—it undermined faith in the integrity of the election and encouraged misinformed citizens to interfere with the peaceful transition of power.

Plaintiffs' counsel did not rush to the courthouse following the fraud they claim occurred on November 3, 2020. They waited more than three weeks before filing their initial complaint. (Complaint, RE 1, PageID # 1-75). While Plaintiffs' counsel bided their time, other lawsuits challenging the outcome of the 2020 election

---

[1] Defendant-Appellee City of Detroit is responding to four separate appeals that involve overlapping issues. Accordingly, this Statement of the Case section is substantially similar to that filed or to be filed by the City in the three other matters (Case No. 21-1785, Case No. 21-1786 and Case No. 22-1010). All four appeals share a common procedural history. Factors particular to each Appellant will be addressed in Section II of the Statement of the Case.

were filed and the specious claims in those cases were rejected.[2] But Plaintiffs'
counsel did not use that time to vet their claims.

When Plaintiffs' counsel did file their lawsuit, they had not uncovered new
evidence of fraud. Instead, their claims relied on multiple affidavits which had been
previously filed, and previously discredited, in the *Costantino* case. (Opinion, RE
172, PageID # 6951-53). Plaintiffs' counsel then undertook no effort to serve any of
the Defendants, and the District Court was required to enter a text-only order on
December 1, 2020 directing Plaintiffs' counsel to effect service. (Opinion, RE 172,
PageID # 6897). As the District Court noted, Plaintiffs' counsel's failure to timely
file or prosecute this action was indicative of their "bad faith and improper purpose
in bringing this suit." (Opinion, RE 172, PageID # 6985).

Plaintiffs' Complaint named as Defendants Governor Gretchen Whitmer and
Secretary of State Jocelyn Benson (the "State Defendants"), along with the Michigan
Board of State Canvassers. As the Complaint primarily focused on perceived
irregularities in the counting of ballots at the TCF Center in Detroit, an operation
directed by the Detroit City Clerk, the City of Detroit (the "City") filed a motion to

---

[2] The previously-filed lawsuits included: *Donald J. Trump for President Inc.
v. Benson*, Mich. Ct. Claims Case No. 20-000225-MZ, motion for preliminary
injunction denied November 6, 2020; *Stoddard v. City Elec. Comm'n of the City of
Detroit*, Wayne Cnty. Cir. Ct. Case No. 20-014604-CZ, motion for preliminary
injunction denied Nov. 6, 2020; and *Constantino v. Detroit et al.*, Wayne Cnty. Cir.
Ct. Case No. 20-014780-AW, motion for preliminary injunction denied Nov. 13,
2020. (City's Response to Injunction Motion, RE 39, PageID # 2816).

intervene on November 27, 2020 to ensure that its citizens were not disenfranchised. (City's Motion to Intervene, RE 5, PageID # 840-857). The District Court granted the City's Motion to Intervene on December 2, 2020. (Order Granting Motions to Intervene, RE 28, PageID # 2142-2147). Plaintiffs' counsel filed an Amended Complaint and an Emergency Motion for Declaratory, Emergency, and Permanent Injunctive Relief on November 29, 2020. (Amended Complaint, RE 6, PageID # 872-957; Injunction Motion, RE 7, PageID #1832-1849). In their Motion seeking injunctive relief, Plaintiffs' counsel stated that their requested relief "must be granted in advance of December 8, 2020, which is the 'safe harbor' date for states to submit their slates of electors under 3 U.S.C. § 5." (Injunction Motion, RE 7, PageID # 1846). The City filed its response in opposition to Plaintiff's Motion for injunctive relief on December 2, 2020. (City's Response to Injunction Motion, RE 39, PageID # 2808-2852).

On December 7, 2020, the District Court entered an order denying Plaintiffs' Emergency Motion for Declaratory, Emergency, and Permanent Injunctive Relief. (Opinion denying Injunction Motion, RE 62, PageID # 3295-3330). The District Court determined that the Plaintiffs were not entitled to injunctive relief because their claims were barred by Eleventh Amendment immunity, mootness, laches, the abstention doctrine and lack of standing. (Opinion denying Injunction Motion, RE 62, PageID # 3302-24). The District Court found that "this lawsuit seems to be less

6

about achieving the relief Plaintiffs seek—as much of that relief is beyond the power of this Court—and more about the impact of their allegations on People's faith in the democratic process and their trust in our government." (Opinion denying Injunction Motion, RE 62, PageID # 3329-3330).

The following day, December 8, 2020, Plaintiffs' counsel inexplicably filed a Notice of Appeal to the Federal Circuit Court of Appeals.[3] On the same day, Plaintiffs filed a Notice of Appeal through the ECF system to the Sixth Circuit Court of Appeals but failed to move to expedite their appeal. (Notice of Appeal, RE 64, PageID # 3332). Plaintiffs' counsel then filed a petition for certiorari in the Supreme Court on December 11, 2020. *See* U.S. Supreme Court No. 20-815.[4] In their petition, Plaintiffs' counsel stated that "[o]nce the electoral votes are cast [on December 14, 2020] subsequent relief would be pointless." (Opinion, RE 172, PageID # 6899). However, Plaintiffs' counsel did not dismiss their appeal after that date passed. Instead, they moved to expedite their petition for certiorari on December 18, 2020.

In the District Court, the City served its Rule 11 notice letter and motion on Ms. Newman and her co-counsel on December 15, 2020. (Rule 11 Notice, RE 161-

---

[3] The Notice of Appeal filed in the Eastern District of Michigan failed to "name the court to which the appeal [was] taken," as required by Fed. R. App. P. 3(c)(1)(C). Plaintiffs' counsel then (through the ECF system) improperly designated the appeal as an appeal to the Federal Circuit Court of Appeals.

[4] Docket sheet and filings available at
https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/20-815.html.

3, PageID # 6058-67). On December 22, 2020, the City, the State Defendants, and the DNC and MDP filed motions to dismiss. (State Defendants' Motion to Dismiss, RE 70, PageID # 3350-3428; DNC and MDP Motion to Dismiss, RE 72, PageID # 3433-3465; City's Motion to Dismiss, RE 73, PageID # 3544-3580). And on the same date intervenor Robert Davis ("Davis") filed a motion seeking sanctions against Plaintiffs' counsel under 28 U.S.C. § 1927 and the Court's inherent authority. (Davis Motion for Sanctions, RE 69, PageID # 3338-3349). On January 3, 2021, two days before Plaintiffs' response to Davis's sanctions motion was due, Plaintiffs' counsel filed a motion requesting an extension of time to respond to Davis's sanctions motion until January 19, 2021, which was granted. (Plaintiffs' Motion to Extend Time as to Davis, RE 74, PageID # 3597-3599; Order Granting Motion to Extend Time, RE 76, PageID # 3610-3611). On January 5, 2021, immediately after the expiration of the safe harbor period, the City filed its motion for Rule 11 sanctions against Plaintiffs' counsel. (City's Rule 11 Motion, RE 78, PageID # 3616-3671).

On January 6, 2021, Congress convened in a joint session to count the electoral votes. Despite the infamous events of that day, Congress counted Michigan's electoral votes and certified Joseph Biden as the winner of the 2020 election on the morning of January 7, 2021. In the District Court, Plaintiffs filed a motion to extend time to answer the three motions to dismiss on January 12, 2021.

(Plaintiffs' Motion to Extend Time as to Motions to Dismiss, RE 82, 3857-3864). The Court granted this motion in a text-only order, extending the time for Plaintiffs to answer the motions to dismiss until January 14, 2021.

On January 14, 2021, the last day on which Plaintiffs could have responded to the motions to dismiss, Plaintiffs' counsel filed notices of voluntary dismissal under Rule 41 as to all Defendants except Davis.[5] Notices of Dismissal, RE 86-91, PageID # 4030-4047). On January 28, 2021, the State Defendants moved for sanctions against certain Plaintiffs' counsel under 28 U.S.C. § 1927. (State Defendants' Sanction Motion, RE 105, PageID # 4334-4378).

After the sanctions motions were fully briefed, the District Court held a hearing on July 12, 2021 during which Ms. Newman and co-counsel had the opportunity to respond to the District Court's questions. (Notice of Hearing, RE 147, PageID #5262-5263). Following the hearing, the District Court permitted the parties to file supplemental briefing. (Order for Supplemental Briefing, RE 150, PageID # 5269). The District Court issued an Opinion and Order granting the motion for sanctions filed by the City and the State Defendants and granting in part and denying in part the sanctions motion filed by Davis. (Opinion, RE 172, PageID # 6890-6999).

---

[5] Davis had filed an answer to Plaintiffs' amended complaint. (Davis Answer, RE 38, PageID # 2751-2807). Plaintiffs subsequently moved for voluntary dismissal as to Davis. (Motion for Voluntary Dismissal, RE 92, PageID # 4048-4053). The District Court granted Plaintiffs' motion for voluntary dismissal as to Davis on July 9, 2021. (Pre-Hearing Order, RE 149, PageID # 5265-5268).

9

The District Court determined that Ms. Newman and her co-counsel were responsible for "a historic and profound abuse of the judicial process" and ordered that Plaintiffs' counsel jointly and severally pay the fees and costs incurred by the City and the State Defendants, and ordered each attorney to attend 12 hours of non-partisan continuing legal education on pleading standards and election law. (Opinion, RE 172, PageID # 6890, 6998-6899). The District Court also ordered the clerk of the court to transmit a copy of the order to the Michigan Attorney Grievance Commission and the appropriate disciplinary authority for each jurisdiction in which Plaintiffs' counsel are admitted "referring the matter for investigation and possible suspension or disbarment." (Opinion, RE 172, PageID # 6998-6899).

On December 2, 2021, after the completion of briefing on the issue of reasonable costs and fees, the District Court entered an order awarding the City fees in the amount of $153,285.62 and the State Defendants fees in the amount of $21,964.75. (Order Regarding Monetary Sanctions, RE 179, PageID # 7142-7168). The District Court entered judgment on the same day. (Judgment, RE 180, PageID # 7169-7170).

## II.    Issues Particular to this Appellant

On December 6, 2021, Ms. Newman filed her Notice of Appeal. (Newman Notice of Appeal, RE 185, PageID # 7179-7180).

## SUMMARY OF THE ARGUMENT

This case is about nine attorneys who filed an enormously-consequential lawsuit with virtually no diligent assessment of the facts and law. Emily Newman claims that the District Court erred in sanctioning her because she had little involvement in this litigation. But Ms. Newman's signature block appears on the Complaint and the Amended Complaint and she admitted that she was involved in the sanctionable conduct. Finding that Ms. Newman was a willing participant in this litigation, the District Court properly determined that she was responsible in part for conduct sanctionable under Rule 11, 28 U.S.C. § 1927 and its inherent authority. The District Court afforded Ms. Newman notice and the opportunity to respond, both by a nearly six-hour long hearing and by briefing (including supplemental briefing).

Ms. Newman argues that the District Court erred by sanctioning her without making detailed factual findings regarding her culpability relative to that of her co-counsel. However, she does not cite a single authority in support of such a requirement. Ms. Newman also argues that the District Court erred in awarding the City its reasonable attorney fees. But her argument simply ignores the District Court's reasoning in finding the City's billing reasonable.

Emily Newman was a willing participant in this baseless and dangerous litigation and the District Court appropriately determined that severe sanctions were warranted against her to deter the filing of similar suits in the future.

# ARGUMENT [6]

## I.    Standard of Review

This Court reviews the imposition of sanctions with an abuse of discretion standard. *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 405 (1990); *Jones v. Ill. Cent. R. Co.*, 617 F.3d 843, 850 (6th Cir. 2010). A district court abuses its discretion if it "based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell*, 496 U.S. at 405.

## II.    Ms. Newman Was Involved In The Litigation In The District Court And The District Court Properly Sanctioned Her

### A.    Ms. Newman Shared Responsibility for this Litigation

Ms. Newman's principal argument on appeal is that sanctions were not appropriate because she spent so little time on this matter. In fact, she did some substantive work in the case, lent her name in support of the litigation and never sought to withdraw from the case. Ms. Newman's argument that she should not be sanctioned because she spent a relatively small amount of time on the case is particularly ironic. The lack of proper diligence before including her name on these pleadings and endorsing this litigation is precisely why she should be sanctioned.

---

[6] Ms. Newman adopts by reference the arguments made by her co-counsel in Case Nos. 21-1785, 21-1786 and 22-1010. The City therefore incorporates by reference its arguments in response to the Briefs filed by Plaintiffs' counsel in those appeals as if fully restated herein.

### 1.    Ms. Newman's Signature Block Appears on the Pleadings

Ms. Newman claims that there was "no evidence" before the District Court which would allow it to determine that she was responsible for any sanctionable conduct. Brief of Interested Party-Appellant Emily Newman ("Newman Brief"), RE 17, PageID # 26 (Case No. 21-1787). But her signature block appears on both the Complaint [RE 1, PageID # 75], the Amended Complaint [RE 6, PageID # 957] and Plaintiffs' Response to Intervenor's Submission of Supplemental Authority [RE 60, PageID # 3293], designating her as "Of Counsel":

> Of Counsel:
> Emily P. Newman (Virginia Bar No. 84265)
> Julia Z. Haller (D.C. Bar No. 466921)
>
> 2911 Turtle Creek Blvd, Suite 300
> Dallas, Texas 75219

Ms. Newman does not (and cannot) deny that she allowed her name to be used to endorse this litigation.

### 2.    Ms. Newman was a Willing Participant in the Litigation

Unlike her co-counsel L. Lin Wood, Ms. Newman never argued that her signature block was placed on the pleadings without her permission. The District Court properly determined that she was a willing participant in the litigation. (Opinion, RE 172, PageID # 6924).

**B.      The District Court Properly Sanctioned Ms. Newman under Rule 11**

Ms. Newman argues that the District Court abused its discretion in sanctioning her under Rule 11 because she did not present a pleading or motion to the District Court and because she was not responsible for the sanctionable filings. These arguments are unavailing.

### 1.      Ms. Newman Presented a Sanctionable Filing [7]

The District Court correctly determined that, by placing her name on the sanctionable pleadings, Ms. Newman participated in the presentation of sanctionable filings. (Opinion, RE 172, PageID # 6924). Ms. Newman argues that because she did not do "any of the four presenting acts" of signing, filing, submitting, or later advocating for any of the offending documents, she could not be sanctioned under Rule 11(b). Newman Brief, RE 17, PageID # 24 (Case No. 21-1787). But she participated in the submission of sanctionable documents to the trial court by allowing her name to be included on the pleadings. Ms. Newman states that there "is no dispute" that she did not submit any documents to the District Court, but the City of Detroit does not agree. Newman Brief, RE 17, PageID # 24-25 (Case No. 21-1787). "Submit" is defined as "to present or propose to another for review,

---

[7] The arguments raised by Ms. Newman on this issue are substantially similar to those raised by Appellant L. Lin Wood in his brief. (Case No. 21-1785, Dkt. 18). Accordingly, the City's response is substantially similar.

consideration, or decision[,]" effectively rendering it a synonym for "present."[8] While Ms. Newman offers several arguments on this point, she cannot argue that "submitting," as used in Rule 11(b), excludes the act of including one's signature block on an offending document. And she cites no authority for the proposition that an attorney's affirmative act of placing her signature block on an offending document does not constitute submission under Rule 11(b).

### 2.    Ms. Newman Shares Responsibility for the Violation

The District Court properly sanctioned Ms. Newman under Rule 11 for her shared responsibility for the filing of the offending papers. Rule 11(c)(1) explicitly authorizes courts to "impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." This is confirmed by the Advisory Committee Notes to the 1993 amendment of Rule 11, which state that a person who does not sign, file, or later advocate a paper may be sanctioned if that person is determined to be responsible for the violation. Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendment) ("sanction[s] should be imposed on the persons—whether attorneys, law firms, or parties—who have violated the rule or who may be determined to be responsible for the violation."). Nothing in the text of Rule 11 or the Advisory Committee Notes limits such sanctions to the party *solely*

---

[8]    Submit, Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/submit (last visited May 17, 2022).

responsible for a violation, or the party *most* responsible for a violation. Instead, the Advisory Committee Notes authorize a court to "consider whether other attorneys in the firm, co-counsel, other law firms, or the party itself should be held accountable for *their part* in causing the violation." Id. (emphasis added).

Ms. Newman argues that "[t]here is no legal authority for the proposition that an attorney whose name appears on a pleading, with or without that person's consent, is deemed responsible under Rule 11(c)(1)." But Rule 11 explicitly authorizes courts to sanction any party who bears any responsibility for the violation. Fed. R. Civ. P. 11(c)(1).

Ms. Newman attempts to distinguish *Morris v. Wachovia Sec., Inc*., No. 3:02cv797, 2007 WL 2126344 (E.D. Va. 2007) which the District Court cited in support of its authority to sanction a non-signatory attorney responsible for a violation. Ms. Newman argues that the *Morris* court declined to sanction an attorney whose name appeared on an offending document under Rule 11(c)(1). Newman Brief, RE 17, PageID # 29 (Case No. 21-1787). But there the district court determined that the attorney's conduct was reasonable under the circumstances and therefore did not violate Rule 11—a far cry from the District Court's findings here. *Morris*, 2007 WL 2126344 at *11. She next argues that the District Court erred in relying on *Morris* because the *Morris* court relied on the attorney's role as "lead counsel" to find him responsible, not the fact that his name appeared on the filing.

16

Newman Brief, RE 17, PageID # 30 (Case No. 21-1787). In *Morris*, however, the issue was whether a single attorney and his law firm should be sanctioned for violating Rule 11, when two other attorneys had "accepted responsibility for the violations". *Id*. at *4-7. Here, sanctions were sought against nine attorneys, who have all attempted to evade accountability for the sanctionable conduct. And, unlike *Morris*, there was no court-appointed lead counsel. While the *Morris* court found a lawyer responsible because he had "responsibility for overall strategic decisions and overall management of the case," no court has held that such a role is a prerequisite for liability under Rule 11(c)(1). *Id*. at *12. The District Court properly interpreted *Morris* as supporting the proposition that a lawyer may be sanctioned for that lawyer's part in causing a Rule 11 violation, regardless of whether that lawyer presents a document to the court.

Ms. Newman claims that there was no evidence from which the District Court could have determined that she was responsible in part for the violation of Rule 11. Newman Brief, RE 17, PageID # 31 (Case No. 21-1787). During the July 12, 2021 hearing, Ms. Newman admitted, through counsel, that she "spent a total of five hours [working on the litigation]." (Transcript, RE 157, PageID # 5323). While Ms. Newman claimed, through counsel, that her role was "de minimus [*sic*]," the District Court noted that she had failed to cite any authority "suggesting that an attorney may not be sanctioned under Rule 11 or any other source of sanctions authority if the time

spent on the relevant lawsuit does not surpass an unidentified threshold."
(Transcript, RE 157, PageID # 5318; Opinion, RE 172, PageID # 6924). And she
has produced no such authority on appeal.

### C. The District Court Properly Sanctioned Ms. Newman under 28 U.S.C. § 1927 [9] [10]

Ms. Newman argues that the District Court erred in sanctioning her under 28
U.S.C. § 1927 because she played no role in the litigation after the filing of the
pleadings that bore her name. But this ignores the basis for the District Court's
imposition of § 1927 sanctions against her. Ms. Newman focuses on the District
Court's discussion of the failure of her co-counsel to dismiss after the events they
claimed would moot the case had come to pass and claims she cannot be sanctioned
under § 1927, because her involvement was limited to placing her name on the
pleadings. Newman Brief, RE 17, PageID # 32-34 (Case No. 21-1787). However,
the District Court stated that it was sanctioning her under § 1927 because she placed
her name on the offending documents. (Opinion, RE 172, PageID # 6917).

---

[9] The arguments raised by Ms. Newman on this issue are substantially
similar to those raised by Appellant L. Lin Wood in his brief. (Case No. 21-1785,
Dkt. 18). Accordingly, the City's response is substantially similar.

[10] Ms. Newman claims that she could not be sanctioned under 28 U.S.C. §
1927 because the State Defendants did not seek § 1927 sanctions against her. But
the City sought § 1927 sanctions against her in its Motion to Dismiss. (City's Motion
to Dismiss, RE 73, PageID # 3576-3578). Furthermore, it is well-established in this
Circuit that courts may impose § 1927 sanctions on their own initiative. *See Dixon
v. Clem*, 492 F.3d 665, 676-79 (6th Cir. 2007).

The fact that Ms. Newman's name does not appear on any filings other than the Complaint, the Amended Complaint and the Plaintiffs' Response to Intervenors' Submission of Supplemental Authority does not save her from sanctions under 28 U.S.C. § 1927. While the filing of an initial pleading may not be sanctionable under § 1927, it is well-established that a violation of § 1927 can be complete with the filing of a frivolous and vexatious amended complaint. *Ridder v. City of Springfield*, 109 F.3d 288, 297-99 (6th Cir. 1997); *see also*, *Johnson v. University of Rochester Medical Center*, 642 F.3d 121, 125-26 (2nd Cir. 2011) (affirming district court's award of § 1927 sanctions in connection with attorney's filing of baseless amended complaint); *Wages v. I.R.S.*, 915 F.2d 1230 (9th Cir. 1990) (same). Here, the District Court correctly determined that by placing her signature block on the offending document, Ms. Newman was responsible for violating § 1927. Furthermore, after authorizing inclusion of her signature block, Ms. Newman could have withdrawn from representation or sought dismissal of the frivolous claims; she did neither.

### D.    The District Court had Inherent Authority to Sanction Ms. Newman [11]

Ms. Newman claims that Rule 11 is the sole appropriate basis for sanctions imposed for the filing of frivolous pleadings. However, the District Court did not

---

[11] The arguments raised by Ms. Newman on this issue are substantially similar to those raised by Appellant L. Lin Wood in his brief. (Case No. 21-1785, Dkt. 18). Accordingly, the City's response is substantially similar.

use its inherent authority to sanction Ms. Newman for filing a frivolous pleading—it sanctioned her under its inherent authority because she was responsible for the filing of a meritless lawsuit in bad faith. The District Court properly applied the test articulated by the Court in *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997) ("In order to award attorneys' fees under [the court's inherent authority], a district court must find that the claims advanced were meritless, that counsel knew or should have known this, and that the motive for the filing of the suit was for an improper purpose such as harassment.") (quotation marks omitted).

The argument that a district court may not use its inherent authority as an alternative basis for sanctioning conduct that is proscribed by Rule 11 contravenes the Supreme Court's holding in *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). The Supreme Court there explained that "neither is a federal court forbidden to sanction bad-faith conduct by means of the inherent power simply because the conduct could also be sanctioned under the statute or the Rules." *Id.* at 50. The *Chambers* court did note that, in such situations, "the court ordinarily should rely on the Rules rather than the inherent power." But the case at bar was anything but an ordinary case—it was a lawsuit the District Court found to be "a historic and profound abuse of the judicial process." (Opinion, RE 172, PageID # 6890).

Ms. Newman cites *United States v Aleo*, 681 F.3d 290 (6th Cir. 2012) for the proposition that courts may not impose inherent authority sanctions for conduct that could be sanctioned under the Federal Rules of Civil Procedure. Newman Brief, RE 17, PageID # 35-37 (Case No. 21-1787). *Aleo* concerned a sanction against a criminal defendant's attorney for a motion which the district court judge believed to be filed in bad faith. *Aleo*, 681 F.3d at 305. On appeal, this Court reversed the district court's sanctions order, holding that the district court had failed to make any findings showing that the motion was filed for in improper purpose, as required to impose inherent authority sanctions. *Id*. At 305-06. Judge Sutton, in a concurring opinion cited by Ms. Newman, argued that inherent authority sanctions should never be available when the conduct at issue could be addressed under the Federal Rules. *See id*. at 306-12 (Sutton, J. Concurring). Judge Sutton noted that, in a civil case, it would be improper for a court to use its inherent authority to sanction conduct that could be sanctioned under the Rules of Civil Procedure. *Id*. at 307. However, Judge Sutton drew this distinction because it would be improper for a court to use its inherent authority "to ease the burden of satisfying existing Civil Rules [or] to punish practices exempted by a Rule or that fall short of meeting a Rule's standard for sanctionable conduct." *Id*. at 308. Judge Sutton explained that it would be improper for a court to use its inherent authority to circumvent the procedural requirements of

Rule 11, not that a court may never rely on its inherent authority as an alternative basis for sanctions where it fully complies with the Federal Rules.

Most of the other cases cited by Ms. Newman on this point are distinguishable on the same basis.[12] In *Animal Welfare Inst. v. Feld Entm't, Inc.*, 944 F. Supp 2d 1 (D.D.C. 2013) the district court determined that inherent authority sanctions were not warranted because the defendants were already entitled to recover their attorney fees under the Endangered Species Act and therefore there was no "gap" to be filled with inherent authority sanctions. *Id*. at 18. Here, the District Court determined there were sufficient grounds to sanction Ms. Newman under its inherent authority, in addition to Rule 11 and 28 U.S.C. § 1927. (Opinion RE 172, PageID # 6990-6991). The decision of one district court not to impose sanctions under its inherent authority does not render the inherent authority sanctions imposed here an abuse of discretion.

In *Kenyon Int'l Emergency Servs., Inc. v. Malcolm*, No. 12-20306, 2013 WL 2489928 (5th Cir. 2013), the Fifth Circuit reviewed a district court's order sanctioning an attorney for the filing of an "irrelevantly scurrilous email[,]" but did not specify the basis for the sanction. *Id*. at *5. The court reasoned that if the district court had intended to impose the sanction on its own motion under Rule 11, it had

---

[12] Some of the cases cited by Ms. Newman hold that a court may not impose inherent authority sanctions as a matter of law where the conduct could be sanctioned under the Rules or by statute. However, such a rule is inconsistent with the Supreme Court's holding in *Chambers*. Furthermore, all of the cases cited by her on this point are from other circuits.

not complied with Rule 11(c)(3) as no show cause hearing had been held. *Id*. The Fifth Circuit found that inherent authority sanctions were also not available, because the sanctioned attorney was afforded neither notice nor an opportunity to respond. *Id*. at *6. In contrast, here, Ms. Newman was served with a Rule 11 letter, and the District Court afforded Plaintiffs' counsel notice and multiple opportunities to respond.

### E. The District Court was not Required to Determine the Relative Culpability of Each Sanctioned Attorney [13]

Ms. Newman argues that the District Court erred in sanctioning each of Plaintiffs' attorneys without determining the relative culpability of each individual attorney for the sanctionable conduct. Ms. Newman cites no authority for the proposition that, when a group of lawyers participate jointly in sanctionable conduct, they cannot be sanctioned without detailed findings as to each lawyer's relative level of responsibility for the violation.[14]

---

[13] The arguments raised by Ms. Newman on this issue are substantially similar to those raised by Appellant L. Lin Wood in his brief. (Case No. 21-1785, Dkt. 18). Accordingly, the City's response is substantially similar.

[14] Several of the Appellants have sought to minimize their own involvement by emphasizing the culpability of their co-counsel. During the sanctions hearing Sidney Powell stated "I take full responsibility for the pleadings in this case…[i]t was my responsibility and it was Mr. Kleinhendler's[.]" (Transcript, RE 157, PageID # 5533). However, Ms. Powell and Mr. Kleinhendler now focus on what they characterize as the District Court's belief that Mr. Wood is the "proud, unbowed architect" of the litigation and object that the District Court's Opinion does not adequately explain "how Powell and Kleinhendler are Wood's equal in culpability." *See* Corrected Brief on Appeal of Rohl, Johnson, Kleinhendler, Powell, Haller and

*In re Ruben*, 825 F.2d 977 (6th Cir. 1987), cited by Ms. Newman, is inapposite; that case involved review of sanctions imposed against an attorney where it was not clear whether the district court had relied on 28 U.S.C. § 1927 or its inherent authority. *Id*. at 981. The issue on appeal was not that the trial court had failed to determine the sanctioned attorney's culpability relative to co-counsel. Rather, the issue was that "the district court did not analyze the impact upon defendants of discrete acts of claimed misconduct" in a situation where the attorney at issue could not be sanctioned for filing the case in bad faith, as he had entered the case after it was instituted. *Id*. at 987, 990. The case was remanded so that the district court could determine "[t]he extent to which [the single attorney's] misfeasance…caused defendants to incur additional expenses." *Id*. No such defect is present here, where the District Court determined that Plaintiffs' counsel filed a baseless lawsuit for an improper purpose and that they had all therefore engaged in sanctionable conduct from the filing of the first pleading. (Opinion, RE 172, PageID # 6990-6991). *In re Ruben* stands for the unremarkable proposition that sanctions must be tied to specific findings of sanctionable conduct, not that courts cannot

---

Hagerstrom, RE 27, PageID # 87 (Case No. 21-1786). While Ms. Powell and Mr. Kleinhendler attempt to paint Mr. Wood as the ringleader, Mr. Wood claims he had no involvement with the litigation whatsoever.

sanction attorneys who collectively engage in sanctionable conduct without making detailed determinations as to each attorney's relative culpability for the violation.

Ms. Newman cites *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178 (2017) for the proposition that sanctions under the trial court's inherent authority "are limited to the fees the innocent party incurred solely because of the misconduct…" Newman Brief, RE 17, PageID # 39 (Case No. 21-1787) (emphasis omitted). But the Supreme Court reversed the lower court in *Goodyear Tire & Rubber Co.* because it had awarded attorney fees which covered "expenses that could be causally tied to Goodyear's misconduct and those that could not." *Id*. at 1185. The Supreme Court did not hold that, where a group of attorneys jointly participate in sanctionable conduct, the relative culpability of each attorney must be parsed; it merely held that fees awarded under a court's inherent authority are limited to those caused by the misconduct because "a court's shifting of fees is limited to reimbursing the victim." *Id*. at 1186. A joint and several sanction does exactly that.

Plaintiffs' counsel acted as a group, working together to engage in a "historic and profound abuse of the judicial process." (Opinion, RE 172, PageID # 6890). The District Court properly determined that severe sanctions were warranted against each attorney "to deter the filing of future frivolous lawsuits designed primarily to spread the narrative that our election processes are rigged and our democratic institutions cannot be trusted." (Opinion, RE 172, PageID # 6992-6993).

25

**F.      The Sanctions Assessed are Appropriate [15]**

The District Court appropriately assessed attorney fees jointly and severally. The Court was not obligated to make findings regarding the relative culpability of each attorney, and the Court did find that "[b]y agreeing to place their names on pleadings and/or motions, counsel are responsible for those submissions and will be held accountable[]" under Rule 11, 28 U.S.C. § 1927 and the District Court's inherent authority. (Opinion, RE 172, PageID # 6917). In sum, the District Court determined that each of Plaintiffs' counsel were responsible for the sanctionable conduct and subjected them all to sanctions.

Ms. Newman also objects to the Court ordering that a copy of its Order be transmitted to the Virginia State Bar for investigation. But the referral of the Order to the Virginia Bar was not a sanction based on a violation of Rule 11 or 28 U.S.C. § 1927; it was a disciplinary measure authorized by the local rules of the Eastern District of Michigan. The District Court found that Ms. Newman's conduct violated the Michigan Rules of Professional Conduct and called into question her fitness to practice law. (Opinion, RE 172, PageID # 6997). Therefore, "a referral for

---

[15] The arguments raised by Ms. Newman on this issue are substantially similar to those raised by Appellant L. Lin Wood in his brief. (Case No. 21-1785, Dkt. 18). Accordingly, the City's response is substantially similar.

26

investigation and possible suspension or disbarment" was warranted. (Id.). Such a

referral is explicitly authorized by E.D. Mich. LR 83.22(c)(2).[16]

## III.    The Trial Court Did Not Err In Awarding The City Its Reasonable Attorney Fees [17]

Ms. Newman questions the reasonableness of the award of attorney fees to the

City, because the amount billed by the City's attorneys was greater than that billed

by the attorneys for the State Defendants. The District Court correctly observed that

"Plaintiffs' attorneys do not point to any case law in which courts compared the fees

charged by counsel on the same side when analyzing the reasonableness of one of

their requests for attorney's fees." (Opinion Regarding Fees, RE 179, PageID #

---

[16] While this Circuit does not appear to have addressed the issue, it is not clear that a district court's referral of an attorney to the bar for investigation is reviewable. *See Landscape Props., Inc. v. Whisenhunt*, 127 F.3d 678, 685 (8th Cir. 1997) (referral of Rule 11 violation to other judges in the district to determine whether disciplinary action should be taken "was not itself a sanction" and therefore not reviewable); *Converse Const. Co., Inc. v. Converse Steel Fabricators & Erectors, Inc.*, 181 F.3d 79 (1st Cir. 1998) (referral to bar disciplinary body was not reviewable because the referral was "merely the first step in a process to investigate the misconduct for the purpose of determining what sanction…ought to be imposed.") (quotation marks omitted); *Wisconsin Voters Alliance v. Harris*, 28 F.4th 1282, 1284 (D.C. Cir. 2022) (order referring attorney to grievance commission was not an appealable final order as "[a] referral to the Committee on Grievances neither determines whether an attorney will receive discipline nor what form discipline may take…[and] if the Disciplinary Panel reaches an adverse decision, the attorney may appeal[.]")

[17] The arguments raised by Ms. Newman on this issue are substantially identical to those raised by Appellant L. Lin Wood in his brief. (Case No. 21-1785, Dkt. 18). Accordingly, the City's response is substantially identical.

7148). And she cites no such authority in her Brief on Appeal. Here, most of the election procedures being challenged were managed by the Detroit City Clerk. As the District Court noted, "issues were raised by Plaintiffs' attorneys that specifically concerned only the City." (Id.). The District Court further found that the hours billed by the City were "unsurprising and not excessive given the complexity of the issues involved in this matter, the quality of the briefing and arguments presented, and the significance of this litigation to our democracy." (Id.). The District Court also found that the time incurred by the City's counsel preparing for the hearing was reasonable where "[c]ounsel for the City presented most of the arguments on behalf of [the Defendants] during oral argument and responded to numerous issues raised." (Opinion Regarding Fees, RE 179, PageID # 7159-7160).

Finally, Ms. Newman, once again, argues that a joint and several award is improper because the District Court "never considered the individual actions of the attorneys." Newman Brief, RE 17, PageID # 52 (Case No. 21-1787). But this Court has held that where a district court found that a law firm and that firm's client were jointly responsible for sanctionable conduct, attorney fees may be assessed against them jointly and severally. *Dearborn Street Bldg. Associates, LLC v. Huntington Nat. Bank*, 411 Fed. App'x 847, 852 (6th Cir. 2011). As other circuits have held, the same logic applies to lawyers jointly responsible for sanctionable conduct. *See In re Kunstler*, 914 F.2d 505, 525 (4th Cir. 1990) (affirming sanction of joint and several

liability for attorney fees against attorneys who violated Rule 11); *In re Safeco Ins. Policy ex rel. Skinner*, 96 F. App'x 654, 655-656 (10th Cir. 2004) (same).

## CONCLUSION [18]

This is no ordinary case. These nine lawyers working together manipulated the federal judicial system to advance the Big Lie. The City railed against the threat posed by these unfounded allegations in its Rule 11 Motion, filed in January, 2021:

> Plaintiffs and their counsel understood that the mere filing of a suit (no matter how frivolous) could, without any evidence, raise doubts in the minds of millions of Americans about the legitimacy of the 2020 presidential election. (City's Rule 11 Motion, RE 78, PageID # 3618).

This lawsuit was one component of a broader plan to undermine the presidential electoral process. On January 6, 2021, just one day after the filing of the City's Rule 11 Motion, the devastating consequences of these false claims were visited on our nation. As the City argued the day before the Capitol Insurrection:

> The extent of the factual and legal errors in the Complaint would warrant sanctions under any circumstances, but here the Court's processes are being perverted to undermine our democracy and to upset the peaceful transition of power. [These] attorneys deserve the harshest sanctions this Court is empowered to order. (City's Rule 11 Motion, RE 78, PageID # 3634-3635).

The City of Detroit respectfully asks this Court to affirm the sanctions ordered by the District Court.

---

[18] Because of the common issues in these four appeals, the City of Detroit's Conclusion is the same for each matter.

29

Respectfully submitted,

**FINK BRESSACK**

/s/ David H. Fink
David H. Fink (P28235)
Nathan J. Fink (P75185)
Attorneys for the City of Detroit
38500 Woodward Ave.; Suite 350
Bloomfield Hills, MI 48304
Tel: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing Defendant-Appellee's Brief on Appeal was produced in Microsoft Word, 14 point, Times New Roman font and contains 6,876 words, thereby complying with the limitations set forth in Fed. R. App. P. 32(a)(7)(B).

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2022, I electronically filed the foregoing document and this Certificate of Service with the Clerk of the Court using the ECF system, which sent electronic notification of such filing to all counsel of record.

FINK BRESSACK

By: _/s/ Nathan J. Fink_____
      Nathan J. Fink (P75185)
      38500 Woodward Ave., Suite 350
      Bloomfield Hills, Michigan 48304
      Tel: 248.971.2500
      Fax: 248.971.2600
      nfink@finkbressack.com

## ADDENDUM

## Designation of Relevant District Court Documents

| RE | Description of Document | Page ID # |
|:---:|:---|:---:|
| 1 | Complaint, Case No. 2:20-cv-13134 | 1-75 |
| 5 | City's Motion to Intervene | 840-857 |
| 6 | Amended Complaint, Case No. 2:20-cv-13134 | 872-957 |
| 7 | Plaintiffs' Injunction Motion | 1832-1849 |
| 28 | Order Granting Motions to Intervene | 2142-2147 |
| 38 | Davis Answer to Plaintiffs' Complaint | 2751-2807 |
| 39 | City's Response to Injunction Motion | 2808-2852 |
| 62 | Opinion denying Injunction Motion | 3295-3330 |
| 64 | Plaintiffs' Notice of Appeal | 3332 |
| 69 | Davis Motion for Sanctions | 3338-3349 |
| 70 | State Defendants' Motion to Dismiss | 3350-3428 |
| 72 | DNC and MDP Motion to Dismiss | 3433-3465 |
| 73 | City's Motion to Dismiss | 3544-3580 |
| 74 | Plaintiffs' Motion to Extend Time as to Davis | 3597-3599 |
| 76 | Order Granting Motion to Extend Time | 3610-3611 |
| 78 | City's Rule 11 Motion | 3616-3671 |
| 82 | Plaintiffs' Motion to Extend Time as to Motions to Dismiss | 3857-3864 |
| 86-91 | Plaintiffs' Notices of Voluntary Dismissal | 4030-4047 |

| 92 | Plaintiffs' Motion for Voluntary Dismissal as to Davis | 4048-4053 |
|---|---|---|
| 105 | State Defendants' Sanction Motion | 4334-4378 |
| 147 | Notice of Hearing | 5262-5263 |
| 149 | Pre-Hearing Order | 5265-5268 |
| 150 | Order for Supplemental Briefing | 5269 |
| 157 | Sanctions Hearing Transcript | 5303-5535 |
| 161-3 | City's Rule 11 Notice | 6058-67 |
| 172 | Sanctions Opinion | 6890-6999 |
| 179 | Order Regarding Monetary Sanctions | 7142-7168 |
| 180 | Judgment | 7169-7170 |
| 185 | Emily Newman Notice of Appeal | 7179-7180 |