21-1787

---

UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

---

TIMOTHY KING, et al.

Plaintiffs,

and

EMILY NEWMAN

Interested Party - Appellant,

v.

GRETCHEN WHITMER; JOCELYN
BENSON; CITY OF DETROIT, MI,

Defendants - Appellees.

---

On Appeal from the United States District Court

For the Eastern District of Michigan

Case No. 20-cv-13134

---

**REPLY BRIEF OF INTERESTED
PARTY-APPELLANT EMILY NEWMAN**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES.............................................................................ii

INTRODUCTION ....................................................................................1

ARGUMENT ........................................................................................2

    A.    The City of Detroit Points to No Evidence to
          Show that Newman Did Any of the Presenting
          Acts under Rule 11(b) ................................................................2

    B.    There Was No Evidence to Find Newman "Responsible"
          under Rule 11(c)(1) .................................................................4

    C.    The Trial Court Abused Its Discretion in Awarding
          Sanctions under 28 U.S.C. §1927 .............................................7

    D.    Sanctions under the Court's Inherent Authority Should
          Not Be Awarded Because of the Existence of Rule 11
          and Because of the Absence of Any Misconduct ....................11

    E.    The Trial Court Abused its Discretion By Failing
          to Analyze Each Attorney Individually....................................13

    F.    Any Relief in Favor of the State Defendants Against
          Newman Should be Reversed ..................................................14

    G.    The Trial Court Abused its Discretion in The Nature of
          Sanctions Assessed..................................................................15

    H.    Virginia Bar Dismissal ...........................................................16

CONCLUSION....................................................................................16

# INDEX OF AUTHORITIES

## Cases

*BDT Prods., Inc. v. Lexmark Intern, Inc.*,
   602 F.3d 742 (6th Cir. 2010) ........................................................................13

*In re Ruben*,
   *825 F.2d 977 (6th Cir. 1987)* ...............................................................13, 14

*Koon v. United States*,
   518 U.S. 81 (1996) .......................................................................................4

*McBryde v Committee to Review Circuit Council*,
   264 F.3d 52 (D.C. Cir. 2001) ......................................................................16

*Morris v. Wachovia Sec., Inc.*,
   No. 3:02-cv-797, 2007 WL 2126344 (E.D. Va. 2007) .............................5, 6

*Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*,
   465 F.3d 642 (6th Cir. 2006) .........................................................................9

*Ridder v City of Springfield*,
   109 F.3d 288 (6th Cir. 1997) .........................................................................9

*Salkil v. Mount Sterling Tp. Police Dep't*,
   458 F.3d 520 (6th Cir. 2006) .........................................................................9

*United States v Aleo*,
   681 F.3d 290 (6th Cir. 2012) ...............................................................11, 12

## Statutes

28 U.S.C. § 1927................................................................................. passim

## Court Rules

Fed. R. Civ. P. 11 .................................................................................passim

## INTRODUCTION

Ironically, in this appeal of an order imposing sanctions, the very first line of the City of Detroit's brief contains the blatant falsehood that this "appeal arises out of the frivolous pleadings filed by Emily Newman." (Defendant-Appellee City of Detroit's Brief on Appeal at p. 4.) Newman did not file any pleadings in this case. The trial court never found that she did. The City of Detroit cites nothing to support this false assertion. It only gets worse with Detroit's repeated use of "Plaintiffs' counsel"[1] to refer to all nine sanctioned attorneys in describing any number of activities[2] that Newman plainly did not undertake.

The City of Detroit, in its appellee brief, and the trial court, in its August 25, 2021 Opinion, employ a similar approach of grouping all nine attorneys together despite their plainly different roles and involvement, attributing the actions of each attorney to every other one, and eschewing any analysis of the relevant standard as to each attorney, especially as to Appellant Emily Newman. The City of Detroit took this approach likely for the same reason why the State of Michigan Appellees chose not to file an appellee brief opposing the reversal sought by Newman, which

---

[1] On page 4 of the City of Detroit's Brief on Appeal, it defines "Plaintiffs' counsel" as Emily Newman and the eight other attorneys sanctioned by the trial court.

[2] For example, Detroit's brief asserts that "Plaintiffs' counsel did file their lawsuit," in "their Motion seeking injunctive relief, Plaintiffs' counsel stated....," and "Plaintiffs' counsel inexplicably filed a Notice of Appeal." (City of Detroit's Brief on Appeal at pp. 5-7).

is that Newman's own conduct, when considered under Rule 11, § 1927, or the inherent authority of the court, did not warrant any sanctions.

In a moment of candor, the City of Detroit does acknowledge the real reason why it wants Newman sanctioned, which is that she "lent her name in support of the litigation" and for "endorsing this litigation." (City of Detroit's' Brief on Appeal at p. 12). No law is cited, or exists, for the proposition that an attorney can be sanctioned for doing either. The trial court did not rule on that basis. And "endorsing" litigation, without more, is plainly protected speech and association under the First Amendment and could not alone be the basis of sanctions. The trial court did not, and could not, sanction Newman for "endorsing" this litigation and the City of Detroit's raising it now shows that it cannot justify the sanctions imposed under Rule 11, § 1927, or the inherent authority of the court on the trial court record.

## ARGUMENT

### A.   The City of Detroit Points to No Evidence to Show that Newman Did Any of the Presenting Acts under Rule 11(b)

The scope of Rule 11(b) is straightforward – an attorney must have presented a pleading or motion to the court "by signing, filing, submitting, or later advocating it." The trial court improperly found that requirement was met for Newman "[b]y placing her name on the initial and amended complaints." (Opinion, R. 135, Page ID #6924).

2

Although earlier in its brief, at page 4, the City of Detroit asserted that Newman actually filed pleadings; in its argument section, starting at page 12, it does not again advance that false assertion. Instead, the City of Detroit only argues that Newman "participated in the submission of sanctionable documents to the trial court by allowing her name to be included on the pleadings." (City of Detroit's Brief on Appeal at p. 14). Relying on a dictionary definition of "submit," the City of Detroit argues:

> "Submit" is defined as "to present or propose to another for review, consideration, or decision[,]" effectively rendering it a synonym for "present." While Ms. Newman offers several arguments on this point, she cannot argue that "submitting," as used in Rule 11(b), excludes the act of including one's signature block on an offending document. And she cites no authority for the proposition that an attorney's affirmative act of placing her signature block on an offending document does not constitute submission under Rule 11(b).

(*Id.* at 14-15).

There is no signature block anywhere in any pleading in the trial court for Newman. Her name appears on the Complaint and First Amended Complaint but there is no signature for her, by traditional or efiling format, so it is a considerable distortion of the facts for the City of Detroit to argue that Newman's "signature block" appears. The trial court itself acknowledges that Newman did not sign the complaints and even characterizes her as a "non-signing attorney." (Opinion, R. 172, Page ID #6917 n. 15). Nevertheless, not deterred by the actual facts, the City

3

of Detroit throughout its brief repeatedly refers to a non-existent signature block for Newman.

As to the City of Detroit's definition of "submit," with regard to the Complaint or First Amended Complaint, Newman would have had to "present or propose [it] to another for review." For Rule 11, the "another" has to be the court. The record is undisputed that Newman did not present, propose, or in any way submit any pleading or other document to the trial court. Allowing her name to be placed on a pleading does nothing to present it or submit it to the court. Filing does, but Newman did not file the Complaint, First Amended Complaint, or any document. The "presenting" requirement in Rule 11(b) is expressly limited to signing, filing, submitting or later advocating a previously filed document. By erroneously applying Rule 11(b), and specifically by not limiting "presenting" to what is stated in the rule, the trial court committed an error of law. This constitutes an abuse of discretion. *Koon v. United States*, 518 U.S. 81, 100 (1996) ("A district court by definition abuses its discretion when it makes an error of law.")

### B.    There Was No Evidence to Find Newman "Responsible" under Rule 11(c)(1)

The trial court sanctioned Newman under the "responsible" clause of Rule 11(c)(1) because her name appeared on the two Complaints. (Opinion, R. 172, Page ID #6917). The trial court cited a single case for the proposition that "an attorney who is knowingly listed as counsel on a pleading, written motion, or other paper" is

deemed responsible under Rule 11(c)(1).  (Opinion, R. 172, Page ID #6915).  The case cited by the trial court for that proposition is *Morris v. Wachovia Sec., Inc.*, No. 3:02 cv 797, 2007 WL 2126344, at *9 (E.D. Va. 2007).

In her initial brief, Newman explained at length that the court in *Morris v Wachovia* did not state or imply that an attorney whose name is on a pleading is "responsible" for the pleading under Rule 11(c)(1), which is the proposition for which the trial court cited that case.  See Newman's Brief on Appeal at pp. 20-22. In fact, the sanctioned attorney in that case, Schulman, was found **not** responsible under Rule 11(c)(1) in *Morris v Wachovia* even though his name appeared as "counsel of record" on a summary judgment brief that was found to violate Rule 11. *Morris*, at *11-12.  For the other Rule 11 violation, Schulman was found responsible under Rule 11(c)(1) for how claims were pled because of  his "responsibility for overall strategic decisions and overall management of the case." *Id.*

The City of Detroit does little to help the trial court's use of that case, admitting that *Morris v Wachovia* means that "a lawyer may be sanctioned for that lawyer's part in **causing** a Rule 11 violation, regardless of whether that lawyer presents a document to the court."  (City of Detroit's Brief on Appeal, at p. 17) (emphasis added).  The factual record was undisputed that Newman was not lead counsel or counsel of record (in the case or on any filing), did not supervise the sanctioned filings, did not draft the complaints, and could not dictate strategy.  The

City of Detroit offers no theory as to how Newman **caused** the Complaint and First Amended Complaint to be filed.  Therefore, a finding of responsibility could not be made even under the City of Detroit's interpretation of *Morris v. Wachovia*.

The City of Detroit now argues that Newman could be held "responsible" because she argued that she only spent five hours on this matter and could not cite any authority to show that that minimum time threshold had to be met:

> Ms. Newman claims that there was no evidence from which the District Court could have determined that she was responsible in part for the violation of Rule 11.  Newman Brief, RE 17, PageID # 31 (Case No. 21-1787).  During the July 12, 2021 hearing, Ms. Newman admitted, through counsel, that she "spent a total of five hours [working on the litigation]." (Transcript, RE 157, PageID # 5323).  While Ms. Newman claimed, through counsel, that her role was "de minimus [sic]," the District Court noted that she had failed to cite any authority "suggesting that an attorney may not be sanctioned under Rule 11 or any other source of sanctions authority if the time spent on the relevant lawsuit does not surpass an unidentified threshold." (Transcript, RE 157, PageID # 5318; Opinion, RE 172, PageID # 6924).  And she has produced no such authority on appeal.

(City of Detroit's Brief on Appeal, at pp. 17-18).

Newman never argued to the trial court or in her initial appeal brief that some time threshold had to be met by her in order to subject her to sanctions.  Newman explained her minimal involvement by informing the trial court that, along with not drafting the complaints or undertaking other activities, the time she spent on this matter was about five hours.  (Transcript, R. 157, Page ID #5317-5318, 5321, 5506-5507).  The trial court attributed to Newman on page 35 of its August 25, 2021

6

Opinion the argument that she did not meet some time threshold, and now the City of Detroit does, and both took Newman to task for not citing authority for such an argument. But Newman never argued that some time threshold had to be met, so the City of Detroit's refuting of that non-argument is pointless and simply strawman advocacy at its finest.

None of the Appellees – Governor Whitmer, Secretary of State Benson, and the City of Detroit – have any grounds to show that Newman could be sanctioned under Rule 11. But those State of Michigan Defendants appear to realize that they cannot argue otherwise and for that reason chose not to file an appeal brief. In contrast, the City of Detroit resorts to falsehoods (i.e., Newman filed a brief), misstatements (i.e., Newman argued that she did not meet an hour threshold), and omissions (i.e., never showing what Newman did to satisfy Rule 11). When Newman's actual conduct is carefully considered under Rule 11, Newman should not have been sanctioned.

### C.   The Trial Court Abused Its Discretion in Awarding Sanctions under 28 U.S.C. §1927

The trial court imposed sanctions under §1927 because the case was not dismissed immediately after December 14, 2020 when Michigan's electors were cast and instead dismissal did not occur until January 14, 2021:

> Plaintiffs' counsel multiplied proceedings by failing to dismiss the case when their claims became moot on December 14 (if not earlier) and by pursuing their legal claims even after the Court issued its opinion [on

7

> December 7] clearly informing Plaintiffs and their counsel that their
> legal claims were weak and lacked factual support.

(Opinion, R. 172, Page ID #6938-6939).  At the July 12, 2021 hearing, the trial court

asked why the matter was not dismissed after immediately December 14, 2020.

(Transcript, R. 157, Page ID #5345).  Counsel for Howard Kleinhendler and Sidney

Powell informed the Court that those two attorneys decided against dismissal based

on issues that they believed remain to be litigated and that "Emily Newman didn't

have any role" in that decision.  (*Id.*, Page ID #5347).

Nonetheless, the trial court sanctioned Newman under §1927 for the same

reason she was sanctioned under Rule 11, which was that her name appeared as "of

counsel" on the Complaint filed on November 25 and Amended Complaint filed on

November 29:

> Although the issue of whether non-signing attorneys can be sanctioned
> is discussed in this Rule 11 section, the Court concludes for the same
> reasons that they can be sanctioned under §1927 and the Court's
> inherent authority, as well.  The same is true for Wood, Newman, and
> Rohl, who are discussed in the next subsections.

(Opinion, R. 172, Page ID #6917 n. 15).  In the referenced "next subsections," the

trial court justified sanctions against Newman based only on her name being listed

on the two Complaints.  (*Id.*, Page ID #6923-6924).

Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any
> court of the United States or any Territory thereof who so
> multiplies the proceedings in any case unreasonably and

> vexatiously may be required by the court to satisfy personally the
> excess costs, expenses, and attorneys' fees reasonably incurred
> because of such conduct.

28 U.S.C. §1927. To be sanctioned under Section 1927, "[t]here must be some conduct on the part of the subject attorney that trial judges, applying collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court." *Salkil v. Mount Sterling Twp. Police Dep't,* 458 F.3d 520, 532 (6th Cir. 2006) (quoting *Ridder v City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997)). And to be sanctionable, the subject conduct must "cause additional expense to the opposing party." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater,* 465 F.3d 642, 646 (6th Cir. 2006). Newman's conduct did not satisfy either requirement for sanctions under § 1927.

The only conduct of Newman cited by the trial court was that her name appeared on pleadings filed on November 25 and 29, 2020 and that she did not dismiss the case after December 14. The appearance of her name on the Complaint and Amended Complaint in late November, 2020 had no bearing on whether the case could or should be dismissed after December 14, 2020. And, as to Newman dismissing the case after December 14, 2020, or at any point in time, the trial court record shows that action was outside the control of Newman because she never filed an appearance, was not admitted in the trial court, and had no decision making or other authority over the course of the litigation, so she could not have dismissed the

case.  The attorneys who did, Powell and Kleinhendler, informed the Court that they decided against dismissal based on issues that they believed remain to be litigated and that "Emily Newman didn't have any role" in that decision.  (Transcript, R. 157, Page ID #5347).  In addition, causation is a requirement for sanctions under § 1927.  However, there was no explanation in the trial court or by the City of Detroit as to how Newman caused anything.

The City of Detroit tries to save the trial court's ruling by arguing:

> [B]y placing her signature block on the offending document, Ms. Newman was responsible for violating § 1927.  Furthermore, after authorizing inclusion of her signature block, Ms. Newman could have withdrawn from representation or sought dismissal of the frivolous claims; she did neither.

(City of Detroit's Brief on Appeal, at p. 19).  As explained above, there is no "signature block" anywhere in any pleading for Newman.  See supra at p. 3.  For the appearance of Newman's name on the two Complaints, the City of Detroit never explains how that caused the multiplication of proceedings, especially given that the pleadings were signed and filed by others.

The City of Detroit also argues "Newman could have withdrawn from representation."  (City of Detroit's Brief on Appeal, at pp. 19).  However, it does not explain how that could have happened since she never filed an appearance from which to withdraw, or, if she had, how a withdrawal by her would have led to the dismissal of any claim.  Finally, the City of Detroit also argues that Newman could

have sought dismissal. (*Id.* at p. 19). The factual record is that Newman was not in control of the litigation and could not have "sought dismissal" from anyone or done anything that would have led to a dismissal.

### D.   Sanctions under the Court's Inherent Authority Should Not Be Awarded Because of the Existence of Rule 11 and Because of the Absence of Any Misconduct

The trial court's basis for sanctioning Newman was the appearance of her name on the Complaint and First Amended Complaint. (Opinion, R. 172, Page ID #6917 n. 15. #6923-6924). As explained at length in her initial brief, under *Chambers v NASCO, Inc.*, 501 U.S. 32 (1991) and *United States v Aleo*, 681 F.3d 290 (6th Cir. 2012) (Judge Sutton, concurring), the trial court erred because it should not have considered its inherent authority for sanctions and instead should have relied only on Rule 11 because that rule specifically addresses sanctions for pleadings.

The City of Detroit characterizes the reasoning of Judge Sutton in *Aleo* as follows: "Judge Sutton explained that it would be improper for a court to use its inherent authority to circumvent the procedural requirements of Rule 11." (City of Detroit's Brief on Appeal at p. 21-22). But Judge Sutton's concurrence in *Aleo* was not based on procedural concerns; it was based on an overriding substantive concern about sanctioning an attorney for "practices exempted by a Rule or that fall short of meeting a Rule's standard for sanctionable conduct." 681 F.3d at 307-308. The

11

same substantive concerns raised by Judge Sutton in *Aleo* were also relied on by the six other cases cited by Newman in her initial appellant brief, including four from other circuit courts of appeal.  The City of Detroit admits that four of those cases "hold that a court may not impose inherent authority sanctions as a matter of law where the conduct could be sanctioned under the Rules or by statute."  (City of Detroit's Brief on Appeal at p, 22, n. 12).  For the two cases that Detroit tries to distinguish, *Animal Welfare* and *Kenyon*, each expressly stated that a court should not resort to inherent power sanctions when rule-based sanctions were applicable.

Newman should not have been sanctioned by the authority applicable to the filing of pleadings because her actions did not satisfy the presenting requirement of Rule 11, and she should not have been sanctioned under § 1927 because she did nothing in the litigation to multiply the proceedings.  Having no basis to sanction Newman under the authority that governs the conduct at issue (Rule 11 for the filing of pleadings and § 1927 for multiplying proceedings) is why the trial court cannot resort to its inherent authority to achieve a result that Rule 11 and 1927 do not allow.

Even if considered under the Court's inherent authority, the standard is high: an attorney must be found to have "willfully abuse[d] judicial processes" or "otherwise act in bad faith."  *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006).  The "mere fact that an action is without merit does not amount to bad faith" and a "court must find **something more** than

that a party knowingly pursued a meritless claim or action at any stage of the proceedings." *BDT Prods., Inc. v. Lexmark Intern, Inc.*, 602 F.3d 742, 753-754 (6th Cir. 2010) (emphasis in original). Sanctions under the trial court's inherent authority were assessed based on the filing of the Complaint and First Amended Complaint and the failure to dismiss the case after December 14, 2020. Newman did not draft either Complaint and she did not sign or file either. There was nothing in the factual record showing that she did anything to advance either pleading or the claims set forth in them. Newman had no control or management over the litigation. None of this is disputed by the City of Detroit. In addition to improperly relying on its inherent authority given the applicability of Rule 11, it was also an abuse of discretion by the trial court to sanction Newman on this authority given the absence any act of bad faith or misconduct by Newman.

### E.    The Trial Court Abused its Discretion By Failing to Analyze Each Attorney Individually

The City of Detroit admits that the trial court never evaluated each attorney's conduct but argue that the trial court was not legally required to do so:

> Ms. Newman cites no authority for the proposition that, when a group of lawyers participate jointly in sanctionable conduct they cannot be sanctioned without detailed findings as to each lawyer's relative level of responsibility for the violation.

(City of Detroit's Brief on Appeal at p. 23). But Newman did cite such authority -- *In re Ruben*, 825 F.2d 977 (6th Cir. 1997). In that case, this court reversed an award

of sanctions under Rule 11 and § 1927 because the trial court erred in not focusing specifically on what each attorney did and the particular impact of their individual actions. *Id.* at 990. The trial court erred in that case because it "did not analyze the impact upon defendants of discrete acts of claimed misconduct" and "the extent to which [attorney] Ruben's misfeasance, if any, caused defendants to incur additional expenses should be explored." *Id.* at 990. That is what happened in this case in the trial court. The trial court repeatedly grouped the attorneys together, held all liable for each other's conduct, and never analyzed their individual conduct and what additional expense that conduct caused, if anything.

The City of Detroit attempts to distinguish *In re Ruben* by arguing that it involved an attorney who had "entered the case after it was instituted." (City of Detroit's Brief on Appeal at p. 24). That is correct, and the significance of that fact in that case was that many attorneys had different involvement and the difference was relevant to the inquiry. The facts are similar here with many attorneys having different involvement. Even if difficult to do, as this Court noted it might be in *In re Ruben*, "[c]areful analysis and discrete findings are required, no matter how exasperating the case." *Id.* at 991.

### F.     Any Relief in Favor of the State Defendants Against Newman Should be Reversed.

Newman requested a reversal of any relief in favor of the State of Michigan Defendants-Appellees because they did not request sanctions against Newman.

14

(Motion for Sanctions, R. 105, Page ID # 4348 and Page ID #4358).  They have not filed an appellee brief to contest that request and the City of Detroit never addresses this issue.  Therefore, the trial court should be reversed as to holding Newman liable for damages awarded to the State Defendants.

**G.     The Trial Court Abused its Discretion in The Nature of Sanctions Assessed**

No sanctions should have been awarded against Newman, especially those issued by the trial court.  The sanctions chosen by the trial court were drastic and disproportional to her conduct.  Her name appeared on the Complaint and First Amended Complaint, documents which the record was undisputed that she did not draft or sign and in litigation which she did not direct, manage, or make an appearance.

Instead of discussing the law and factual record as it pertains to Newman, the City of Detroit spends far more time arguing for sanctions because the litigation involved a presidential election and supposedly led to the events of January 6.  There is no lesser standard for sanctions because the stakes are higher.  If anything, given that it involved a presidential election, the trial court should have been more attentive to determining the individual conduct of the nine attorneys and evaluating the effect of that conduct.

### H.     Virginia Bar Dismissal

On June 24, 2022, the Virginia State Bar informed Newman that, after a full investigation, the complaint against her that was initiated by the trial court's referral of the August 25, 2002 Opinion was dismissed because the evidence could not support the allegations of misconduct under the applicable standard of proof. Newman advises this Court of this ruling because it moots appellate relief as to the trial court's sanction of the referral of the August 25, 2021 Opinion to the Virginia State Bar.  Similarly, the 12-hour legal education requirement imposed by the trial court has also been completed by Newman.  (Affidavit, R. 196, Page ID ##7321-7323).  However, because of the money judgment and the reputational injury caused by the trial court's opinion, which was subsequently published, the Virginia Bar's dismissal does not moot Newman's appeal.  *McBryde v Committee to Review Circuit Council*, 264 F.3d 52, 58-59 (D.C. Cir. 2001) (reputational injury along with other "tangible concrete effect" preserves appeal from mootness).

### CONCLUSION

Appellant Emily Newman requests that the trial court's August 25, 2021 Opinion and Order (R. 172), December 2, 2021 Opinion (R. 179), and December 2,

2021 Judgment (R. 180) be reversed as to her.

TIMOTHY E. GALLIGAN PLLC

By:    /s/ Timothy E. Galligan
    Timothy E. Galligan (P51768)
    39 South Main St., Suite 24
    Clarkston, MI 48346
    (248) 241-6179
    galligan@galliganpllc.com
    Attorney for Appellant -
    Interested Party Emily
    Newman

## CERTIFICATE OF COMPLIANCE WITH RULE 32

This brief complies with the word type volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 4,143 words based on the word count of Microsoft Word, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and 6 Cir. R. 32(b)(1).

This brief complies with the typeface requirements of Fed. R. App. P. 32(A)(5) and the type style requirements of Fed. R. App. P 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in font Times New Roman, size 14.

 /s/ Timothy E. Galligan
Timothy E. Galligan

Dated:  July 29, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2022, I electronically filed Interested Party - Appellant Emily Newman's Reply Brief with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

/s/ Timothy E. Galligan
Timothy E. Galligan

Dated:  July 29, 2022